# United States District Court
### Eastern District of Texas
### Sherman Division

| | | |
|---|---|---|
| DOMINGO ZUNIGA | § | |
| | § | |
| v. | § | CASE NO: 4:16-CV-526 |
| | § | Judge Mazzant |
| JEFFERSON CAPITAL SYSTEMS, LLC, | § | |
| and FINANCIAL BUSINESS AND | § | |
| CONSUMER SOLUTIONS, INC., | § | |
| d/b/a FBCS INC. and FBCS | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Financial Business and Consumer Solutions, Inc.'s Second Amended Motion to Dismiss and Memorandum in Support (Dkts. #17, #19). The Court, having considered the relevant pleadings, finds the motion should be denied.

## BACKGROUND

On July 15, 2016, Plaintiff Domingo Zuniga ("Zuniga") filed his Original Complaint ("Complaint") (Dkt. #1) asserting that debt collectors Jefferson Capital Systems, LLC ("Jefferson") and Financial Consumer Business and Consumer Solutions, Inc. ("FBCS") violated the Fair Debt Collection Practices Act (the "FDCPA") 15 U.S.C. § 1692. In the Complaint, Zuniga asserts that he allegedly incurred a financial obligation on a Chase credit card that was used primarily for personal, family, or household purposes (the "Account"), which became delinquent in December 2008. No payments have been made since.

On June 2, 2016, FBCS, acting on behalf of Jefferson, sent Plaintiff a collection letter offering to settle the Account. The letter stated Jefferson authorized FBCS to accept a 35% discount on the balance to settle the Account in full. The letter gave Plaintiff the option to pay in either one payment or a series of payments and gave Plaintiff thirty days to dispute the validity of the debt. The letter neither indicated that the debt was time barred nor threatened litigation.

On July 1, 2016, Plaintiff filed his Complaint (Dkt. #1). On August 31, 2016, FBCS filed its Second Amended Motion to Dismiss and Memorandum in Support (Dkts. #17, #19). On September 14, 2016, Plaintiff filed his response (Dkt. #20).

**LEGAL STANDARD**

The Federal Rules of Civil Procedure require that each claim in a complaint include a "short and plain statement . . . showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Each claim must include enough factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A Rule 12(b)(6) motion allows a party to move for dismissal of an action when the complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). When considering a motion to dismiss under Rule 12(b)(6), the Court must accept as true all well-pleaded facts in plaintiff's complaint and view those facts in the light most favorable to the plaintiff. *Bowlby v. City of Aberdeen*, 681 F.3d 215, 219 (5th Cir. 2012). The Court may consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). The Court must then determine whether the complaint states a claim for relief that is plausible on its face. "'A claim has facial plausibility when the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "But where the well-pleaded facts do not permit the [C]ourt to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

In *Iqbal*, the Supreme Court established a two-step approach for assessing the sufficiency of a complaint in the context of a Rule 12(b)(6) motion. First, the Court should identify and disregard conclusory allegations, for they are "not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 664. Second, the Court "consider[s] the factual allegations in [the complaint] to determine if they plausibly suggest an entitlement to relief." *Id.* "This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary claims or elements.'" *Morgan v. Hubert*, 335 F. App'x 466, 470 (5th Cir. 2009) (citation omitted). This evaluation will "be a context-specific task that requires the reviewing [C]ourt to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570).

## ANALYSIS

In filing its Motion to Dismiss, FBCS contends that there are no allegations that can be considered a violation of 15 U.S.C. § 1692. Specifically, FBCS argues that absent threatening litigation, sending a letter offering to settle a debt without indicating that the debt is time-barred does not violate the FDCPA. There is currently a circuit split regarding whether this conduct violates the FDCPA. *Compare Freyermuth v. Credit Bureau Servs., Inc.*, 248 F.3d 767, 771 (8th Cir. 2001) (holding "in the absence of a threat of litigation or actual litigation, no violation of the FDCPA has occurred when a debt collector attempts to collect on a potentially time-barred debt that is otherwise valid."), *with McMahon v. LVNV Funding, LLC*, 744 F.3d 1010 (7th Cir. 2014) (holding that not affirmatively indicating that the debt was time barred could create a "misleading impression that the debt was legally enforceable" in violation of the FDCPA). FBCS argues that

3

this Court should adopt the reasoning of the Seventh Circuit and hold that such conduct violates the FDCPA.

At the time of FBCS filing its Motion to Dismiss, the Fifth Circuit had not ruled on the issue. But on September 8, 2016, the Fifth Circuit issued its opinion in *Daugherty v. Convergent Outsourcing, Inc.*, in which it rejected the proposition on which FBCS relies. 836 F.3d 507 (5th Cir. 2016). The *Daugherty* case held that "[w]hile it is not automatically unlawful for a debt collector to seek payment of a time-barred debt, a collection letter violates the FDCPA when its statements could mislead an unsophisticated consumer to believe that her time-barred debt is legally enforceable, regardless of whether litigation is threatened." *Id.* at 509. The collection letter in *Daugherty* was substantially similar to the letter sent to Plaintiff in that both offered to settle a time-barred debt at a discount with multiple payment options. *See id.* at 510. Further, both letters offered to settle the debt without threating litigation or indicating that the debt was time-barred. *Id.* at 509–10. In light of the recent *Daugherty* decision, the Court finds that Plaintiff has stated a plausible claim for purposes of defeating a Rule 12(b)(6) motion.

## CONCLUSION

It is therefore **ORDERED** that Financial Business and Consumer Solutions, Inc.'s Second Amended Motion to Dismiss and Memorandum in Support (Dkts. #17, #19) is hereby **DENIED**.

**SIGNED this 15th day of December, 2016.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE